**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

Original Decision Mailed: May 19, 2022
MCF                                    Redesignation Mailed: August 17, 2022

Opposition No. 91268532

*Rasa Vineyards, LLC*

*v.*

*Rasasvada, LLC*


**By the Trademark Trial and Appeal Board:**

The Board has chosen to redesignate the order issued on May 19, 2022 as a precedent. A copy of the order, bearing such a designation, is attached. The order that issued on May 19, 2022 is also corrected as follows: page 2, footnote 2, citation to the TBMP has been changed to "TBMP § 502.03."

THIS ORDER IS A
PRECEDENT OF THE
TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

May 19, 2022

Opposition No. 91268532

*Rasa Vineyards, LLC*

*v.*

*Rasasvada, LLC*

**M. Catherine Faint,**
**Interlocutory Attorney:**

On May 16, 2022 the Board held a telephone conference involving Elliott J. Williams, Atty., counsel for Rasa Vineyards, LLC, (Opposer) and Nancy J. Mertzel, Atty., counsel for Rasavada, LLC (Applicant).

## I.     Background

The Board notes that the parties stipulated to the use of Accelerated Case Resolution, ACR, in this proceeding, which the Board granted.[1] As part of that stipulation, the parties agreed to the resolution of motions by telephone conference with the Interlocutory Attorney and that these proceedings would not be suspended during the pendency of motions unless the Board deemed it necessary.

---

[1] 12 TTABVUE.

Opposer's counsel requested a teleconference on the issue of whether Applicant's ACR brief was overlength and the parties agreed to the date and time for the teleconference. During the teleconference, the Board construed the issue as an oral motion to strike Applicant's ACR brief as overlength and ordered oral argument of the motion.[2] The Board carefully considered the arguments raised, as well as the supporting correspondence and the record of this case, in coming to a determination regarding the above-identified matter. During the telephone conference, the parties were each allowed to make arguments, and the Board made the following findings and determinations.

## II.    Motion to Strike Overlength ACR Brief

Applicant filed a public redacted version of its ACR brief that is 41 pages long, including a table of contents.[3] Opposer argues that as the parties stipulated to the submission of the case to the Board "through ACR briefing in a cross motion for summary judgment format,"[4] this means that the parties' main briefs are limited to 25 pages and the rebuttal briefs are limited to 10 pages. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). Opposer requests that the brief be stricken and that Applicant either re-submit the brief as one limited to 25 pages or that the Board read only the first 25 pages of the brief.

---

[2] While oral hearings on a motion are rarely granted, the Board may at its discretion order oral briefing on a motion. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). *See also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 523.03 (2021).

[3] 42 TTABVUE 3-43. Applicant filed a confidential version of the ACR brief that is the same length.

[4] 11 TTABVUE 3.

In response, Applicant argues that it did not believe the stipulation provided a limit as to the number of pages in the ACR brief as there is no page limitation stated in the stipulation, that "cross motion for summary judgment format" applied to the submission of evidence rather than the length of the brief and that the page limit for trial briefs, or 55 pages for a main brief and 25 pages for a reply brief, was the limit that applied. *See* Trademark Rule 2.128(b), 37 C.F.R. § 2.128(b).

Parties to a Board inter partes case may stipulate to pretrial final disposition of the proceeding on the merits through ACR which allows for the submission of briefs and evidence in the summary judgment format. *See Conolty v. Conolty O'Connor NYC LLC*, 111 USPQ2d 1302, 1304 (TTAB 2014) (parties agreed to try case using cross-motions for summary judgment ACR model). *Compare Chanel, Inc. v. Makarczyk*, 106 USPQ2d 1774, 1776 (TTAB 2013) (pursuant to ACR agreement, parties stipulate to summary judgment format but specify that page limit for briefs will be that for trial briefs under Trademark Rule 2.128(b)). *See also* TBMP § 528.05(a)(2). Where the parties have stipulated to the submission of briefs in summary judgment format, that is, the form of a summary judgment motion, Trademark Rule 2.127(a) provides a page limitation, briefs in support and briefs in response, or cross-motions in summary judgment format on the same issue, are limited to 25 pages and a reply brief shall not exceed 10 pages in length. 37 C.F.R. § 2.127(a). *See also Cooper Techs. Co. v. Denier Elec. Co.*, 89 USPQ2d 1478, 1479 (TTAB 2008) (cross-motions for summary judgment denied without prejudice because briefs exceeded page limits; page limits include, if submitted, table of contents, index of cases,

description of record, statement of issues, recitation of facts, argument and summary); TBMP § 528.01.

The parties clearly stipulated to submission of their briefs in summary judgment format and the page limits of a motion for summary judgment apply. Applicant's brief exceeds the 25 page limit including a table of contents and will therefore receive no consideration. *See Mattel Inc. v. Brainy Baby Co.*, 101 USPQ2d 1140, 1141. (TTAB 2011) (overlength brief on motion for summary judgment will not be considered). In view thereof, Opposer's motion to strike Applicant's brief as overlength is **granted** and the brief will receive no consideration. However, Applicant is allowed until May 20, 2022 to resubmit a brief limited to 25 pages.

### III. Stipulation for Evidentiary Objections Appendix

During the teleconference Applicant raised the issue of whether its re-submitted brief may include an appendix of evidentiary objections. The parties entered into the following **stipulation** which the Board approved:

> The parties agree to submit their evidentiary objections as a separate appendix that does not count against the page limit for summary judgment motions.

During the teleconference, the Board noted that it is not enough for a party to merely maintain an objection, the need for the objection must be explained in order for the Board to rule on it in a meaningful way. The Board reminded the parties that the key benefits of ACR may be lost when the Board must decide numerous evidentiary objections. *See, e.g., Kemi Organics, LLC v. Gupta*, 126 USPQ2d 1601, 1602 n.3 (TTAB 2018) (full benefits

4

of ACR are obtained when parties draft clearly-worded stipulations regarding procedures, claims and defenses, and evidence).

### IV.    Schedule

Dates are reset as set out below in line with the parties' ACR stipulation.

- Applicant's ACR brief and evidence filed with the Board: May 20, 2022

- Opposer's ACR rebuttal brief and evidence filed with the Board: June 3, 2022

- Applicant's ACR rebuttal brief and evidence filed with the Board: June 24, 2022

**TIPS FOR FILING EVIDENCE, TESTIMONY, OR LARGE DOCUMENTS**

The Board requires each submission to meet the following criteria before it will be considered: 1) pages must be legible and easily read on a computer screen; 2) page orientation should be determined by its ease of viewing relevant text or evidence, for example, there should be no sideways or upside-down pages; 3) pages must appear in their proper order; 4) depositions and exhibits must be clearly labeled and numbered – use separator pages between exhibits and clearly label each exhibit using sequential letters or numbers; and 5) the entire submission should be text-searchable. Additionally, submissions must be compliant with Trademark Rules 2.119 and 2.126. Submissions failing to meet all of the criteria above may require re-filing.

**Note:** Parties are strongly encouraged to check the entire document before filing.[5] The Board will not extend or reset proceeding schedule dates or other deadlines to

---

[5] To facilitate accuracy, ESTTA provides thumbnails to view each page before submitting.

allow time to re-file documents. For more tips and helpful filing information, please visit the ESTTA help webpage.

***